E-FILED
Thursday, 10 June, 2010  03:06:17 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Damon L. Hurbert, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 10-1121 |
| | ) | |
| City of Galesburg, Phillip PIeper, Timothy | ) | |
| Losey Jason Shaw and Christopher | ) | |
| Hootman, | ) | |
| Defendants | ) | |

## ORDER

On April 30, 2010, Plaintiff, proceeding pro se, filed his complaint against the City of Galesburg and five individuals identified as police officers. Other than stating that the officers violated his constitutional rights, the complaint plead nothing; no facts were alleged. An order was entered, finding the complaint deficient as a matter of law and directing Plaintiff to file an amended complaint that includes "a short and plain statement" of his claim against each defendant, including "enough factual allegations to show that a claim for relief against each defendant is plausible".

An amended complaint has now been filed. The amended complaint alleges nothing at all about the City of Galesburg. As to Defendants #1, 2, 3, and 4, the allegations are identical. They read, *verbatim*, that each officer:

> violated my substantive due process rights to freedom of movement and to remain in a public place. The officer knowingly violated my constitutional rights after i said to him don't i have a constitutional right to be here. He answered me with do you think we care. The police was not called on my behalf. The officer went as far as to perjured himself to back his co-worker; which led to me being falsely arrested, falsely imprisoned for 15 months. The mental anguish or pain and suffering or the defamation of character cannot be explained in a short statement. I lost my business behind all of this and that was my total source of income.

Plaintiff concludes his amended complaint by stating, again *verbatim*,

> Since this case was overturned Officer Hootman has done nothing but harass me. I've been arrested three times from this officer since this was overturned and all three was dismissed

do to insufficient evidence. Officer Hootmans is deliberately going out of his way, and job to harass me. The fear of this officer has lead me to have to stay in the house because of him arresting me every chance he sees me.

The Supreme Court has held that the Federal Rules of Civil Procedure require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. In other words, mere legal conclusions are not sufficient. Enough factual content must be plead to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, - U.S. -, 129 S. Ct. 1937, 1949 (2009).

This amended complaint is adequate to state a claim for retaliation against Officer Hootman. Plaintiff has specifically stated the facts on which his claim of retaliation is based: namely three arrests that were thrown out for insufficient evidence.

It remains wholly insufficient, however, to state a claim against any of the other Defendants or against Hootman for any other constitutional violation. There are no factual allegations against the City at all, other than identifying the individuals as Galesburg police officers. The allegations against the officers (except as noted above) do not, for example, include the date of the underlying incident or the "public place" involved. The "facts" alleged are identical against each officer, even though it is apparent that only one of them responded with the alleged statement. There is nothing alleged about any conduct of the others that might plausibly state a claim for relief.

While pro se plaintiffs do get some leeway in their pleadings, that leeway does not extend this far. If all of Plaintiff's legal conclusions are disregarded, Plaintiff's complaint consists of nothing more than the bare allegations that the City and four of the five Defendants violated his constitutional rights because one of them said something offensive. That falls far short of the Supreme Court's interpretation of federal notice pleading.

Plaintiff is therefore directed to file another amended complaint. This complaint must be more specific. If he does not know which of the officers made the verbal statement, he should say so. He must plead some facts (not legal conclusions) that provide a basis for including five police officers; that they were in some unspecified way involved in his arrest and/or prosecution is not adequate. His assertion that his injury "cannot be explained in a short statement" does not relieve him of the obligation to plead facts showing that the Defendants might plausibly be liable for those injuries. This second amended complaint is to be filed within 14 days of this date.

ENTERED ON June 10, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE