E-FILED
Thursday, 03 February, 2011  03:12:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMON HURBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-1121 |
| | ) |
| CITY OF GALESBURG, PHILIP | ) |
| PIEPER, TIMOTHY LOSEY, | ) |
| and CHRISTOPHER HOOTMAN, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Now before the Court is Defendants City of Galesburg's, Philip Pieper's, Timothy Losey's, Jason Shaw's[1], and Christopher Hootman's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion [#15] is GRANTED.

## BACKGROUND

On April 30, 2010, Plaintiff Damon Hurbert ("Hurbert") filed a Complaint pursuant to 42 U.S.C. § 1983 against the Defendants the City of Galesburg and five of its police officers. Magistrate Judge John A. Gorman entered a written order directing Hurbert to file an amended complaint because his original was deficient as a matter of law. On May 20, 2010, Hurbert filed his first Amended Complaint which Magistrate Judge Gorman again found insufficient under federal notice pleading standards. Hurbert was given another chance to amend his complaint to

---

[1] The Court notes that Defendant Jason Shaw was terminated from this case on July 8, 2010, which was months before Defendants filed the instant Motion to Dismiss. Defendants' counsel has both included Shaw in the caption of the case, and has brought the Motion to Dismiss on behalf of Shaw as well as the remaining Defendants. Shaw remains terminated from this case.

1

make it more specific. Hurbert filed his Second Amended Complaint on June 24, 2010.
Magistrate Judge Gorman again noted the deficiencies in Hurbert's latest Complaint and directed that Hurbert either file a third amended complaint within fourteen days, and if no such complaint was filed within that time, the City and Shaw would be dismissed from the lawsuit and so would the retaliation claim against Hootman. Hurbert timely filed his Third Amended Complaint on July 8, 2010, without naming Shaw as a defendant. As a result, Shaw was terminated as a party from the case. Magistrate Judge Gorman entered an order finding that Hurbert's Third Amended Complaint was sufficient for service on Defendants Pieper, Losey, Hootman, and the City of Galesburg. Defendants filed the instant Motion to Dismiss Hurbert's Third Amended Complaint in its entirety. Hurbert filed his Response and this Order follows.

**DISCUSSION**

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). This means that (1) the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (citing *Twombly*, 550 U.S. 544 (2007)). When it comes to construing *pro se* complaints, pleading requirements are less stringent than when construing complaints drafted by

2

lawyers. *McCormick v. City of Chicago,* 230 F.3d 319, 325 (7th Cir. 2000) (well settled Seventh Circuit law provides that *pro se* complaints are to be liberally construed); *Haines v. Kerner*, 404 U.S. 519, 596 (1972).

## Plaintiff's Claims

The directive to liberally construe a *pro se* plaintiff's complaint is especially important here. As the record makes clear, Hurbert has struggled to articulate the facts upon which he bases his claims. Indeed, his previous attempts have included varying degrees of specificity, and have included explicit reference to false arrest and substantive due process. Hurbert's allegations could indeed be construed as claims for false arrest and false imprisonment against Defendants Pieper, Losey, and Hootman, and malicious prosecution against Defendant Losey. To succeed on a claim of false arrest or false imprisonment, a plaintiff must prove that he was arrested without probable cause. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007); *Hernandez v. Dart*, 635 F. Supp. 2d 798, 806 (N.D. Ill. 2009) (*citing* Illinois case law which provided that the defendants must have had reasonable grounds to believe the plaintiff committed an offense); *see also Jones by Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995) (explaining that "a necessary predicate to any unlawful arrest claim under Section 1983 is the absence of probable cause"). Under Illinois law, to state a claim for malicious prosecution, a plaintiff must show: 1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant, 2) the termination of the proceeding in favor of the plaintiff, 3) absence of probable cause for such proceedings, 4) presence of malice, and 5) damages resulting to the plaintiff. *Ferguson v. City of Chicago*, 795 N.E. 2d 984, 986 (Ill. 2003).

3

Here, Hurbert states that Defendants Pieper, Losey, Hootman, and a fourth police officer came to a club in Galesburg, Illinois where Hurbert was waiting outside for a cab, and they told Hurbert to leave. He states he was not otherwise acting inappropriately, and the officers later testified that Hurbert was yelling and cussing the whole time the officers were telling him to leave. As to Defendant Losey, Hurbert alleges that Losey perjured himself during the city ordinance case against him, and that Hurbert was incarcerated for 15 months. Hurbert further states that he was kept away from his family and loved ones, he lost wages, and he suffered mental anguish. Read liberally, such facts state plausible claims for false arrest and false imprisonment against Defendants Pieper, Losey, and Hootman, and for malicious prosecution against Defendant Losey.

Hurbert additionally alleges that Defendant Hootman has deliberately gone out of his way and job to harass Hurbert by arresting Hurbert three times since his conviction for violating the "refusing to leave" ordinance was overturned. The most recent arrest occurred on October 25, 2009, and the resulting charges were allegedly dismissed due to insufficient evidence. While he states the circumstances of his March 18, 2006, arrest, he does not state the circumstances of his alleged subsequent arrests by Defendant Hootman. His allegations against Hootman fall short of stating a claim for false arrest where they are limited to what happened following the arrest, his allegations of harassment do not state a claim under Section 1983, and he has otherwise failed to state a cognizable claim under Section 1983. *See* 42 U.S.C. § 1983 (a civil action for deprivation of any rights, privileges, or immunities secured by the Constitution and laws may be commenced against persons acting under color of state law).

In regard to Hurbert's allegations against the City of Galesburg, he has failed to allege any plausible claim against that Defendant. *Monell v. New York City Department of Social Services* provides that a municipality cannot be held liable under Section 1983 solely because it employs tortfeasors, but can be liable to the extent there is an official policy that has caused a constitutional tort. 436 U.S. 658, 691 (1978). Here, Hurbert alleges that Galesburg established a "refusing to leave" ordinance which was determined by the Illinois courts to be unconstitutional in June of 2008. Because he does not allege that the City continues to enforce the ordinance in some way or otherwise alleges unconstitutional conduct on the part of the City, Hurbert has failed to state a claim against the City of Galesburg. Accordingly, Defendant City of Galesburg is DISMISSED as a party from this action.

**Statute of Limitations**

Here, Defendants argue that Hurbert's claims against them are barred by the applicable statutes of limitations. Defendants note that there is a two-year statute of limitations for Hurbert's federal civil rights claims, and there is a one-year statute of limitations for any state law claims pled. Defendants explain that because the incident at issue occurred on March 18, 2006, and Hurbert did not file his lawsuit until April 30, 2010, his Complaint should be dismissed with prejudice for failure to timely file the action.

There is no federal statute of limitations to govern actions brought pursuant to Section 1983. *See Hardin v. Straub*, 490 U.S. 536, 538 (1989) (explaining that the timeliness of federal civil rights suits is determined by looking to state law given the absence of a federal statute of limitations). In Illinois, there is a two-year statute of limitations for personal injury actions which provides the limitations period for actions brought pursuant to Section 1983. 735 ILL.

5

COMP. STAT. 5/13-202 (2011); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). From the face of Hurbert's Third Amended Complaint, it appears that he is bringing his action pursuant to Section 1983, and is not making any separate state law claims. Therefore, Hurbert's claims are barred as untimely, because his allegations stem from a March 18, 2006, incident.

In his Response to Defendants' Motion to Dismiss, Hurbert argues that he timely filed his Complaint and could not file it alleging a violation of his constitutional rights until the Illinois Appellate Court had rendered its decision on June 23, 2008. That decision had the effect of removing Hurbert's conviction from his record. To the extent he has made such allegations to support his claim for malicious prosecution, the Seventh Circuit has clarified that the Supreme Court case of *Albright v. Oliver*, 510 U.S. 266 (1994), "[prevents] any Constitutional tort of malicious prosecution when state courts are open." *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) (stating further that Illinois provides a state-law remedy for malicious prosecution); *Adams v. Rotkvich*, 325 F. App'x 450, 452-53 (7th Cir. 2009). Therefore, even assuming Hurbert's claim of malicious prosecution was timely filed, it would not be cognizable in this Court under Section 1983. *Newsome*, 256 F.3d at 751.

To the extent Hurbert makes claims of false arrest and false imprisonment against Defendants arising out of the March 18, 2006, incident, those claims are also time-barred. He did not file his Complaint until April 30, 2010, making his Complaint over two years late. *See Sneed v. Rybicki*, 146 F.3d 478, 481 (7th Cir. 1998) (explaining that the two-year statute of limitations begins to run from time plaintiff can plead all the elements of the claim and as to false arrest, a plaintiff can plead all the elements on the day he is arrested). His allegations of false imprisonment involve the March, 18, 2006, arrest for violating Galesburg's "refusing to

leave" ordinance. The statute of limitations on Hurbert's false imprisonment claim began to run at the time his false imprisonment came to an end, which was at the time he was held over for trial or arraigned. *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (internal citations omitted). He was incarcerated for 15 months and his conviction was overturned on June 23, 2008, making it clear that he was held over for trial more than two years before April 30, 2010. Accordingly, Hurbert's claims for false arrest and false imprisonment based upon the March 18, 2006, incident against Defendants Pieper, Losey, and Hootman are DISMISSED as time-barred.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [#15] is GRANTED. Plaintiff Hurbert's claims for false arrest and false imprisonment are dismissed as untimely, his claim for malicious prosecution pursuant to Section 1983 is not cognizable under Section 1983, and he has failed to state a claim against Defendant City of Galesburg. This matter is now TERMINATED.

ENTERED this 3rd day of February, 2011.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge